# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY GALES,

        Plaintiff,

v.

KRISTINE ZANON, BRIAN CAHAK, JARED HOY, AMY CAIRNES/KAIRNES, and VAN LINN,

        Defendants.

Case No. 24-CV-1304-JPS

**ORDER**

    Plaintiff Anthony Gales, an inmate confined at Oshkosh Correctional Institution ("OCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. On April 25, 2025, the Court screened Plaintif's complaint, found that it failed to state a claim, and allowed him to file an amended complaint. ECF No. 9. Following extensions, Plaintiff filed an amended complaint on July 11, 2025. This Order screens Plaintiff's amended complaint.

**1.    FEDERAL SCREENING STANDARD**

    Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**2.    PLAINTIFF'S ALLEGATIONS**

Beginning in May 2023, Defendant Zanon terminated Plaintiff from the sex offender treatment ("SOT") program at OCI. ECF No. 15 at 3. Plaintiff had enrolled in the program in 2021, and his termination was based on his failure to cognitively grasp or understand directives, remember certain skills, etc. *Id.* Plaintiff believes the termination was because of his

inability to overcome borderline retardation and/or intellectual challenges. *Id.* Plaintiff has been labeled as disabled within the Wisconsin Department of Corrections ("DOC") for more than twenty years and is disabled for the purposes of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"). *Id.* Defendants were aware of Plaintiff's intellectual challenges, early on-set dementia, and the low likelihood that Plaintiff could complete assignments that require memory, writing and/or verbal recitation. *Id.* Plaintiff was denied participation in the SOT program because of his disability, thereby denying Plaintiff treatment for his serious medical need. *Id.* Defendants Cahak and Hoy were aware of Plaintiff's issues because he filed inmate complaints. *Id.* Plaintiff seeks injunctive relief, declaratory relief, and monetary damages. *Id.* at 4.

**3. ANALYSIS**

The Court finds that Plaintiff may proceed on an ADA and RA claim. To state a claim for violations of the ADA, Plaintiff must allege that he is "a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such entity, and that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (citations and quotations omitted). The RA is "functionally identical." *Id.* It requires Plaintiff to allege that "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).

"[B]ecause the ADA addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations," a plaintiff may not sue defendants in

their individual capacities – the proper defendant is the organization, or the individual in his or her official capacity. *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (overruled on other grounds). Like the ADA, the RA has been interpreted to preclude suits against officials in their individual capacities. *See Boston v. Dart*, 2015 WL 4638044, at *2 (N.D. Ill. Aug. 4, 2015) (citing *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 624, 644 (7th Cir. 2015)). The Department of Corrections ("DOC") is a proper defendant to these claims, as that is the "public entity" that administers the programs and benefits to which Plaintiff seeks access and is the entity that would be responsible for providing him with a reasonable accommodation. *See* 42 U.S.C. §§ 12131(1)(B) & 12132; 29 U.S.C. § 794; Wis. Stat. § 301.04 (providing that DOC may sue and be sued).

Plaintiff alleges that he is disabled under the ADA and RA, and the Court takes his allegations as true for the purposes of screening. Plaintiff further alleges that he was denied access to DOC programing for sex offenders as a result of his disability. At the pleading stage, the Court finds this sufficient to proceed on ADA and RA claims against the DOC.[1]

Next, the Court finds that Plaintiff's remaining constitutional claims go "nowhere." *See Stanley*, 213 F.3d at 342. Plaintiff fails to state a due process claim. It is well settled that there is no property or liberty interest

---

[1]The Court acknowledges that the Seventh Circuit found that a prisoner could not proceed on an RA claim for the denial of sex offender treatment based on psychopathy because the act specifically "excludes from the protected class persons who suffer from 'sexual behavior disorders' or compulsive criminality." *See Stanley v. Litscher*, 213 F.3d 340, 344 (7th Cir. 2000). Plaintiff alleges here, however, that his disability is based on his cognitive abilities as opposed to a sexual disorder. At the early screening stage, the Court finds this fact distinguishable to proceed.

in attending educational, vocational, or rehabilitative courses while in prison. *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir.2000); *Stanley*, 213 F.3d at 342. As such, Plaintiff likely has no valid substantive due process claim.

The Court finds that Plaintiff also fails to state a claim for Equal Protection. To establish a prima facie case of discrimination under Equal Protection, a plaintiff must "'show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was [intentionally] treated differently from members of the unprotected class.'" *Brown v. Budz,* 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993)). "Disabled individuals, like any class, are protected by the Equal Protection Clause of the Fourteenth Amendment." *Stevens v. Ill. Dept. of Transp.*, 210 F.3d 732, 737–38 (7th Cir. 2000). So "it is a violation of the Fourteenth Amendment for the State to discriminate against disabled persons in an irrational manner or for an illegitimate reason." *Id.* "States are not required by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational." *Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001).

In *Stanley*, the Seventh Circuit assumed that psychopathy is a disability but found no Equal Protection claim where a "state rationally could conclude that psychopaths do not benefit from intra-prison programs, that they spoil the programs for less aggressive inmates, or both." *Stanley*, 213 F.3d at 342. The same could be said here that a state rationally could conclude that prisoners with limited cognitive abilities do not benefit from sex offender programing. As such, the Court does not find that Plaintiff states an Equal Protection claim.

Similarly, Plaintiff does not provide sufficient information to state an Eighth Amendment claim for deliberate indifference to Plaintiff's medical needs. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

Here, Plaintiff alleges generally that he was denied access to the sex offender program and therefore denied proper medical care. However, it is unclear if Plaintiff was receiving other forms of mental health care or why this form of treatment was needed. Based on Plaintiff's lack of factual allegations, the Court does not find that he sufficiently states an Eighth Amendment claim for the denial of adequate medical treatment. *See Jackson v. United States*, No. CIV. 06-258-MJR, 2007 WL 685705, at *2 (S.D. Ill. Mar. 5, 2007) (finding no Eighth Amendment deliberate indifference claim where Plaintiff received medication as opposed to a specific program to treat his sexual behavior). "That he might wish for another type of treatment is insufficient to state a claim because mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment." *See id.* (citing *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)). As such, Plaintiff does not state

Page 6 of 9
Case 2:24-cv-01304-JPS    Filed 09/22/25    Page 6 of 9    Document 16

a claim against any of the individually named defendants and this case will proceed against the DOC only.

## 4. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** ADA claim against DOC.

**Claim Two:** RA claim against DOC.

Defendant should take note that, within forty-five (45) days of service of this Order, it shall file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Defendants Zanon, Cahak, Hoy, Cairnes/Kairnes, and Linn be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the Clerk of Court add the Department of Corrections as a defendant;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant **DOC.**

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendant shall file a responsive pleading to the amended complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendant raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service; and

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why it intends to move to dismiss the amended complaint, and Plaintiff should strongly consider filing a second amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.